IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

UNITED STATES OF AMERICA,

          Plaintiff,

          v.

PETER ANDREW JADEN,

          Defendant.

Case No.   3:20-cr-67

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by its attorneys, Drew H. Wrigley, United States Attorney for the District of North Dakota, and Christopher C. Myers, Assistant United States Attorney; defendant, PETER ANDREW JADEN; and defendant's counsel, Joe Johnson, agree to the following:

1.      Defendant acknowledges the Information charges violations of Title 18, United States Code, Sections 924(c)(1), 1512(b)(1), 1512(i), 1951(a) and 2.

2.      Defendant has read the charges and defendant's attorney has fully explained the charges to defendant.

3.      Defendant fully understands the nature and elements of the charged crimes.

4.      Defendant will voluntarily plead guilty to the Counts One, Two, and Three of the Information.

5.      The parties agree this Plea Agreement shall be filed as part of the Court record and be governed by Federal Rule of Criminal Procedure 11(c). The parties specifically agree that Rule 11(c)(1)(C) does not apply. If the United States makes the non-binding recommendations specified in this Plea Agreement, then defendant

acknowledges that this agreement will have been fulfilled. Except as provided in Rule 11(c)(5), the Court's refusal to accept any or all terms of the Plea Agreement does not give defendant a right to withdraw defendant's guilty plea.

6.      Defendant will plead guilty because defendant is in fact guilty of the charges. In pleading guilty to the Information, defendant acknowledges that as to Count One:

On or about July 28, 2019, in the District of North Dakota,

PETER ANDREW JADEN

did unlawfully obstruct, delay, and affect commerce, as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of articles and commodities in commerce, by robbery and extortion, as those terms are defined in 18 U.S.C. §§ 1951(b)(1) and (b)(2), in that the defendants did unlawfully take personal property consisting of United States currency belonging to J.P.C. in Fargo, North Dakota, by means of actual and threatened force, violence, and fear of immediate and future injury to the person. This conduct affected interstate commerce by:

1. PETER ANDREW JADEN, knowing the victim was involved in selling marijuana, robbed or attempted to rob the victim of drug proceeds;

2. Co-defendant P.S.L. used the internet, a channel of interstate commerce, specifically Snapchat, to set up the robbery. Snapchat is engaged in activity affecting interstate commerce by operating a free access social networking website located in Santa Monica, California, with a mobile phone application that allows sending and receiving

"self-destructing" messages and pictures. Snap Inc. manages records for Snapchat and there are approximately 700 million "snaps" processed daily; and

3. The victims traveled from Detroit Lakes, Minnesota, to Fargo, North Dakota, to purchase marijuana, thereby travelling in interstate commerce as part of the robbery;

In violation of Title 18, United States Code, Sections 1951(a) and 2.

As to Count Two of the Information, defendant acknowledges that:

On or about July 28, 2019, in the District of North Dakota,

## PETER ANDREW JADEN

did knowingly use, carry, and brandish a firearm in furtherance of a crime of violence for which he may be prosecuted in a court of the United States, to wit:  co-defendant Kenyi Kareem Pitia used, carried, and brandished a firearm in furtherance of the Interference with Commerce by Threats and Violence – Hobbs Act Robbery, of J.P.C., as set forth in Count One above;

In violation of Title 18, United States Code, Sections 924(c)(1) and 2.

As to Count Three of the Information, defendant acknowledges that:

On or about January 31, 2020, in the Districts of North Dakota, and elsewhere,

## PETER ANDREW JADEN

did knowingly and corruptly persuade and attempt to persuade a witness to hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information related to the commission of a federal offense, Hobbs Act Robbery as alleged in Count One of this Information, by public posting on social media information

3

relayed by the witness to law enforcement and identifying the witness as cooperating with law enforcement knowing that information may harm the witness and make the witness reluctant to cooperate with law enforcement;

In violation of Title 18, United States Code, Sections 1512(b)(1), 1512(i), and 2.

7.      Defendant understands the following maximum penalties apply:

Count One

| | |
|---|---|
| Imprisonment: | 20 years |
| Fine: | $250,000 |
| Supervised Release: | 5 years |
| Special Assessment: | $100 |

Count Two

| | |
|---|---|
| Imprisonment: | Life; (7 year minimum mandatory consecutive) |
| Fine: | $250,000 |
| Supervised Release: | 5 years |
| Special Assessment: | $100 |

Count Three

| | |
|---|---|
| Imprisonment: | 20 years |
| Fine: | $250,000 |
| Supervised Release: | 5 years |
| Special Assessment: | $100 |

Defendant agrees to pay the Clerk of United States District Court the special assessment on or before the day of sentencing.

8.      Defendant understands that by pleading guilty defendant surrenders rights, including:

(a)      The right to a speedy public jury trial and related rights as follow:

(i)      A jury would be composed of twelve (12) lay persons selected at random. Defendant and defendant's attorney would help choose

4

the jurors by removing prospective jurors "for cause," where actual bias or other disqualification is shown; or by removing jurors without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict. The jury would be instructed that defendant is presumed innocent and that it could not return a guilty verdict unless it found defendant guilty beyond a reasonable doubt.

(ii)     If a trial were held without a jury, then the Judge would find the facts and determine whether defendant was guilty beyond a reasonable doubt.

(iii)     At a trial, whether by a jury or Judge, the United States is required to present witness testimony and other evidence against defendant. Defendant's attorney can confront and examine them. In turn, the defense can present witness testimony and other evidence. If witnesses for defendant refuse to appear voluntarily, defendant can require their attendance through the subpoena power of the Court.

(iv)     At a trial, defendant has a privilege against self-incrimination; thus, defendant can decline to testify. No inference of guilt can be drawn from defendant's refusal to testify. Defendant can choose to testify, but cannot be required to testify.

(b)     Defendant has a right to remain silent. However, under terms of the Plea Agreement, the Judge will likely ask defendant questions about defendant's criminal conduct to ensure that there is a factual basis for defendant's plea.

9.    Defendant understands that by pleading guilty defendant is giving up all of the rights set forth in the prior paragraph, and there will be no trial. Defendant's attorney has explained those rights, and consequences of defendant's waiver.

10.    The Court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act. In doing so, the Court shall consider factors set forth in 18 U.S.C. § 3553(a), and must consult and take into account the United States' Sentencing Commission, Guidelines Manual, (Nov. 2018) (USSG). Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of defendant's conduct, including all matters in aggravation and mitigation relevant to the issue of sentencing. The United States expressly reserves the right to appeal from an unreasonable sentence.

11.    This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota. It does not bind any United States Attorney outside the District of North Dakota, nor does it bind any state or local prosecutor. They remain free to prosecute defendant for any offenses under their jurisdiction. This Plea Agreement also does not bar or compromise any civil or administrative claim.

12.    Defendant understands the United States Attorney reserves the right to notify any local, state, or federal agency by whom defendant is licensed, or with whom defendant does business, of defendant's conviction.

13.    The parties agree that the base offense level under the Sentencing Guidelines for defendant's conduct is 20. USSG § 2B3.1(a); Upward adjustment + 2

levels for obstruction/witness tampering - USSG § 3C1.1; 7 years consecutive to any other sentence for brandishing a firearm, - USSG § 2K2.4.

The United States reserves the right to argue a higher offense level at sentencing if it is determined through the pre-sentence investigation that defendant is a "career offender" pursuant to USSG § 4B1.1.

14.     At sentencing, United States agrees to recommend a 2-level downward adjustment for acceptance of responsibility, provided defendant has demonstrated a genuine acceptance of responsibility. (USSG § 3E1.1(a)). The United States further agrees to move for an additional 1-level downward adjustment for timely notifying the United States of defendant's intention to enter a guilty plea, thus permitting the Court and the United States to allocate their resources efficiently. (USSG § 3E1.1(b)).

15.     The parties stipulate and agree that, as of the date of this agreement, the defendant appears to qualify for a two-level downward adjustment for acceptance of responsibility. However, the government may, in its discretion, contest the adjustment under USSG § 3E1.1(a) should the defendant subsequently fail to continue to accept responsibility by failing to abide by the conditions of release, if applicable; by providing false information to the Court, the probation office, or the United States; by unlawfully using controlled substances; by attempting to obstruct justice; by breaching this Plea Agreement; or by acting in a way that is inconsistent with, or failing to act in any way that is consistent with the granting of the adjustment under USSG § 3E1.1(a).

16.     Neither the Court nor the Probation Office is a party to the Plea Agreement. Neither the Court nor the Probation Office is bound by the Plea Agreement as to

7

determining the Sentencing Guideline range. The Court may depart from the applicable guidelines range if the Court, on the record, states factors not contemplated by the Sentencing Guidelines' Commission to justify the departure. Both parties reserve the right to object to any departure. See USSG § 1B1.1, comment. (n.1) (defines "departure"). There may be other adjustments the parties have not agreed upon.

17.    At sentencing, the United States will recommend a sentence within the applicable Guideline range, or the minimum mandatory, whichever is greater. The parties agree to restitution, in an amount to be determined at time of sentencing.

18.    Defendant acknowledges and understands that if defendant violates any term of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, the United States will be released from its commitments. In that event, this Plea Agreement shall become null and void at the discretion of the United States, and defendant will face the following consequences: (1) all testimony and other information defendant has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the Federal Grand Jury, may be used against defendant in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against defendant and to use any information obtained directly or indirectly from defendant in those additional prosecutions. Nothing in this agreement prevents the United States from prosecuting defendant for perjury, false statement(s), or false declaration(s), if defendant commits such acts in connection with this agreement or otherwise.

19.    Defendant acknowledges the provisions of Title 18, United States Code, Sections 2259 and 3663A, which require the Court to order restitution. Defendant agrees to pay restitution as may be ordered by the Court. Defendant acknowledges and agrees that the Court will order defendant to make restitution for all loss caused by defendant's conduct, regardless of whether counts of the Information will be dismissed as part of this Plea Agreement. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks the Court finds reasonable and appropriate for the prompt payment of any restitution or fine ordered by the Court.

20.    The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. Defendant and defendant's attorney acknowledge that no threats, promises, or representations exist beyond the terms of this Plea Agreement.

21.    **Defendant's Waiver of Appeal.** Defendant acknowledges having been advised by counsel of Defendant's rights to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through post-conviction proceedings, including proceedings under 28 U.S.C. § 2255. Defendant understands these rights, and in exchange for the concessions made by the United States in this plea agreement, Defendant hereby knowingly and voluntarily waives these rights, except as specifically reserved herein. Defendant's waiver of these rights includes, but is not limited to, a waiver of all rights to appeal or to collaterally attack: Defendant's conviction or sentence; all non-jurisdictional issues; any assessment, restitution or forfeiture order; the constitutionality of the

9

applicable guidelines; and the constitutionality of the statute(s) to which Defendant is pleading guilty or under which Defendant is sentenced, or to argue that the admitted conduct does not fall within the scope of the statute(s). Defendant reserves the right to appeal a sentence of imprisonment imposed above the upper end of the applicable guidelines range and the right to appeal or to collaterally attack the conviction or sentence based on a claim of ineffective assistance of counsel that challenges the validity of the guilty plea or this waiver.

22.     By signing this Plea Agreement, Defendant further specifically waives Defendant's right to seek to withdraw Defendant's plea of guilty, pursuant to Federal Rules of Criminal Procedure 11(d), once the plea has been entered in accordance with this agreement. The appellate court will enforce such waivers. Defendant agrees that any attempt to withdraw Defendant's plea will be denied and any appeal of such denial should be dismissed.

23.     The Assistant United States Attorney and attorney for defendant agree to abide by the provisions of Rule 32(f) of the Federal Rules of Criminal Procedure.  The attorneys acknowledge their obligation to use good-faith efforts to resolve any disputes regarding the Presentence Investigation Report (PSIR) through a presentence conference or other informal procedures.

24.    Defendant acknowledges reading and understanding all provisions of the Plea Agreement. Defendant and defendant's attorney have discussed the case and reviewed the Plea Agreement. They have discussed defendant's constitutional and other rights, including, but not limited to, defendant's plea-statement rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

AGREED:

DREW H. WRIGLEY
United States Attorney

Dated:    **5-12-2020**

By:  CHRISTOPHER C. MYERS
Assistant United States Attorney

Dated: 5-8-20

PETER ANDREW JADEN
Defendant

Dated: 5/11/20

JOE JOHNSON
Attorney for Defendant

11